1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2024

SEAN F. McAVOY, CLERK

4

5  UNITED STATES DISTRICT COURT

6  EASTERN DISTRICT OF WASHINGTON

7  DALTON O.,

8                                  Plaintiff,

9          v.

10  COMMISSIONER OF SOCIAL
    SECURITY,

11

                                   Defendant.

12

NO:  2:23-CV-377-RMP

ORDER DENYING PLAINTIFF'S
BRIEF AND GRANTING
DEFENDANT'S BRIEF

13        BEFORE THE COURT, without oral argument, are briefs from Plaintiff

14  Dalton O.,[1] ECF No. 8, and Defendant the Commissioner of Social Security (the

15  "Commissioner"), ECF No. 10.  Plaintiff seeks judicial review, pursuant to 42

16  U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's denial of his claim for

17  Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the

18  "Act").  *See* ECF No. 11 at 2.

19

20  [1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first
    name and last initial, and, subsequently, Plaintiff's first name only, throughout this

21  decision.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 1

Having reviewed Plaintiff's Opening Brief, ECF No. 8; the Commissioner's Brief, ECF No. 10; Plaintiff's reply, ECF No. 11; the relevant law; and the administrative record; the Court is fully informed.  For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### General Context

Plaintiff applied for DIB on approximately January 8, 2021, alleging an onset date of April 1, 2019.  *See* Administrative Record ("AR")[2] 66.  Plaintiff was 26 years on the alleged disability date and asserted that he was unable to work due to schizophrenia.  AR 66.  Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing.  *See* AR 125.

On April 13, 2023, Administrative Law Judge ("ALJ") Jesse Shumway held a hearing in Spokane, Washington.  AR 36.  Plaintiff was present and represented by attorney Timothy Anderson.  AR 39.  ALJ Shumway heard testimony from Plaintiff and vocational expert ("VE") Sharon Welter.  AR 37.

### ALJ's Decision

Applying the five-step evaluation process, ALJ Shumway found:

---

[2] The Administrative Record is filed at ECF No. 5.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 2

**Step one:** Plaintiff did not engage in substantial gainful activity since his alleged onset date of April 1, 2019.  AR 20 (citing 20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b), and 416.971 *et seq.*).

**Step two:** Plaintiff has the following severe impairments that are medically determinable and significantly limit his ability to perform basic work activities: psychotic disorder, bipolar disorder, depressive disorder, panic disorder, and polysubstance use disorder, pursuant to 20 C.F.R §§ 404.1520(c) and 416.920(c). AR 20.  The ALJ further noted that Plaintiff has the following nonsevere impairments: myopia and a rash.  AR 20.

**Step three:** The ALJ concluded that, including Plaintiff's substance use, the severity of Plaintiff's impairments meets the criteria of section 12.03 of 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 20 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925).  The ALJ noted that when Plaintiff actively abuses methamphetamine and/or uses marijuana daily, he has been found gravely disabled, has been involuntarily committed to a psychiatric facility for almost three weeks, and has been observed as tangential, delusional, and paranoid.  AR 22 (citing AR 245–252; 276–289; 321–324, 630; 634; 638; 679; 976; 983; hearing testimony).

The ALJ found that if Plaintiff stopped the substance use, Plaintiff's remaining limitations would cause more than a minimal impact on his ability to perform basic work activities; therefore, Plaintiff would have a severe impairment or combination of impairments.  AR 22 (citing 20 C.F.R. §§ 404.1522 and 404.922).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 3

However, if Plaintiff stopped the substance use, Plaintiff would not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 22 (citing 20 C.F.R. §§ 404.1520(f) and 416.994(b)(5)(i)).

**Residual Functional Capacity ("RFC"):** The ALJ concluded that, if Plaintiff stopped the substance use, Plaintiff would have an RFC to perform a full range of work at all exertional levels, with the following nonexertional limitations: "[Plaintiff] would be limited to simple, routine tasks; and he could have no interaction with the public and only occasional, superficial interaction with coworkers." AR 24.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to produce some of the alleged symptoms in the absence of substance abuse; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 24. The ALJ concluded as follows:

> In sum, I find very little objective evidence of psychosis or any other serious psychological deficits in any exam performed at any time that the claimant has not reported methamphetamine use or heavy marijuana use within the previous month. There is no indication that the claimant was observed responding to internal stimuli at any time when clean and sober for at least a month.
> I also find the claimant's pattern of past recorded statements show his drub (sic) abuse is material. His own contemporaneous reports of psychosis, as well as observations of psychotic behavior,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 4

show strong correlation with recent methamphetamine use, heavy marijuana use, and/or observations that he is "guarded" in his reporting of substance use.  Moreover, he has admitted to his providers that drug use makes his symptoms worse; and he has reported significant improvement when not using drugs.  Exs. 2F/21-39; 8F/31-32, 64, 91, 144, 171, 625.  The claimant's testimony that his symptoms are worse when not using drugs is contradicted by his past recorded admissions.  I recognize he has sometimes made statements in the record that his symptoms worsen when not using drugs, and some worsening could be expected during brief periods of detoxification, but he has generally admitted he does better without substances.  Ex.8F/480.

 I also note that claimant's baseline activities of daily living appear quite intact, including significant social activities.  He lives alone, makes his own meals, socializes with neighbors, shops in stores, cleans, washes dishes, does laundry, goes out alone, drives, rides long board, and likes to go hiking and on adventures, and hang with friends. Exs. 7E; 3F/3.  These are obviously impaired when the claimant experiences substance-induced exacerbations of his symptoms, but his baseline activities of daily living when not intoxicated or impaired by substances reflect quite high functioning.

AR 26–27.

**Step four:** The ALJ found that there is insufficient vocational information to determine whether Plaintiff could perform any of his past relevant work.  AR 29.  Therefore, the transferability of job skills is not an issue.  AR 29.

**Step five:** The ALJ found that Plaintiff has a limited education and, if Plaintiff stopped the substance abuse, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  AR 29 (citing 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).  Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff could perform with the RFC if Plaintiff stopped substance abuse: packager, machine

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 5

(medium exertional level, with approximately 79,000 jobs nationally); cleaner, hospital (medium exertional level, with approximately 34,800 jobs nationally); sweeper, cleaner, industrial (medium exertional level, with approximately 16,400 jobs nationally).  AR 29.

Lastly, the ALJ found that Plaintiff's substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if he stopped the substance use.  AR 29 (citing 20 C.F.R. §§ 404.1520(g), 404.1535, 416.920(g), and 416.935).  The ALJ concluded that, "[b]ecause the substance use disorder is a contributing factor material to the determination of disability," Plaintiff has not been disabled at any time from the alleged onset date through the date of the ALJ's decision.  AR 28–29.

Through counsel, Plaintiff sought in this Court review of the unfavorable decision.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision.  42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 6

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McAllister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

1    mental impairment which can be expected to result in death, or which has lasted or

2    can be expected to last for a continuous period of not less than 12 months." 42

3    U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to

4    be under a disability only if the impairments are of such severity that the claimant is

5    not only unable to do their previous work, but cannot, considering the claimant's

6    age, education, and work experiences, engage in any other substantial gainful work

7    which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the

8    definition of disability consists of both medical and vocational components. *Edlund*

9    *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

10           ***Sequential Evaluation Process***

11           The Commissioner has established a five-step sequential evaluation process

12   for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one

13   determines if they are engaged in substantial gainful activities. If the claimant is

14   engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §

15   404.1520(a)(4)(i).

16           If the claimant is not engaged in substantial gainful activities, the decision

17   maker proceeds to step two and determines whether the claimant has a medically

18   severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii).

19   If the claimant does not have a severe impairment or combination of impairments,

20   the disability claim is denied.

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 8

1    If the impairment is severe, the evaluation proceeds to the third step, which

2  compares the claimant's impairment with listed impairments acknowledged by the

3  Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §

4  404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment

5  meets or equals one of the listed impairments, the claimant is conclusively presumed

6  to be disabled.

7    If the impairment is not one conclusively presumed to be disabling, the

8  evaluation proceeds to the fourth step, which determines whether the impairment

9  prevents the claimant from performing work that they have performed in the past.  If

10  the claimant can perform their previous work, the claimant is not disabled.  20

11  C.F.R. § 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is

12  considered.

13    If the claimant cannot perform this work, the fifth and final step in the process

14  determines whether the claimant is able to perform other work in the national

15  economy considering their RFC and age, education, and past work experience.  20

16  C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

17    The initial burden of proof rests upon the claimant to establish a prima facie

18  case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

19  Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden

20  is met once the claimant establishes that a physical or mental impairment prevents

21  them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 9

burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUE ON APPEAL

Plaintiff raises the following issue regarding the ALJ's decision:

1.      Did the ALJ erroneously evaluate the medical source opinions?

**Medical Source Opinions**

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence of Ms. Delsol and Dr. Metoyer.  ECF No. 8 at 6–16.  The Commissioner argues that the ALJ properly applied the correct legal standard in finding that Plaintiff's substance use materially contributed to his disability.  ECF No. 10 at 4.

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

familiarity with other evidence in the claim or an understanding of Social Security's

disability program.  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the "most important" factors, and the ALJ

must articulate how he considered those factors in determining the persuasiveness of

each medical opinion or prior administrative medical finding.  20 C.F.R. §

404.1520c(b)(2).  With respect to these two factors, the regulations provide that an

opinion is more persuasive in relation to how "relevant the objective medical

evidence and supporting explanations presented" and how "consistent" with

evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).

The ALJ may explain how he considered the other factors, but is not required to do

so, except in cases where two or more opinions are equally well-supported and

consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must

continue to consider whether the ALJ's finding is supported by substantial evidence.

*See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to

any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to

provide clear and convincing reasons to reject an uncontradicted treating or

examining physician's opinion and provide specific and legitimate reasons where the

record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

(9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

regulations revised in March 2017 are "clearly irreconcilable with [past Ninth

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 11

Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022). The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations." *Id*. at *15 (internal citation omitted). Recently, the Ninth Circuit further has held that the updated regulations comply with both the Social Security Act and the Administrative Procedure Act, despite not requiring the ALJ to articulate how he or she accounts for the "examining relationship" or "specialization factors." *Cross v. O'Malley*, No. 23-35096, 2024 U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

Accordingly, as Plaintiff's claim was filed after the new regulations took effect, the Court refers to the standard and considerations set forth by the revised rules for evaluation medical evidence. *See* AR 66.

In addition, as Plaintiff's record contains significant evidence of alcohol and drug use, the ALJ was required to conduct a drug addiction and alcoholism ("DAA") analysis to determine whether Plaintiff's disabling limitations remain in the absence of drug and alcohol use. 20 C.F.R. §§ 404.1535, 416.935; *see also Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) (holding that if an ALJ finds Plaintiff disabled, and there is evidence of drug or alcohol abuse, then the ALJ must

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 12

1    determine whether the drug and/or alcohol use is a contributing factor material to the

2    determination of disability).  If a claimant's remaining limitations would not be

3    disabling without DAA, then the claimant's substance use is material and the ALJ

4    must deny benefits.  *Parra v. Astrue*, 481 F.3d 742, 747–48 (9th Cir. 2007).  The

5    claimant "bears the burden of proving that drug or alcohol addiction is not a

6    contributing factor material to his disability."  *Id.* at 748.

7         Here, the ALJ found that, based on all of Plaintiff's impairments, including

8    his substance use disorder, Plaintiff's impairments would meet the criteria and

9    Plaintiff would qualify as disabled.  AR 20.  However, the ALJ then found that if

10   Plaintiff stopped his substance use, Plaintiff would still have a severe impairment or

11   combination of impairments but would no longer meet a listing.  AR 22.

12   Additionally, the ALJ found that, in the absence of substance use, there are jobs that

13   exist in significant numbers in the national economy that Plaintiff can perform.  AR

14   29.

15        **Ms. Delsol**

16        Plaintiff argues that Ms. Delsol opined that, in the absence of substance use,

17   Plaintiff met the requirements necessary to support a finding of disability.  ECF No.

18   8 at 7.  Specifically, Ms. Delsol opined that Plaintiff had "a residual disease process

19   that had resulted in such marginal adjustment that even a minimal increase in mental

20   demands or change in the environment would be predicted to cause him to

21   decompensate."  ECF No. 8 at 7.  Additionally, Ms. Delsol opined that, in the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 13

1    absence of substance abuse, Plaintiff would be expected to be off task over 30% of

2    the workday and to miss four or more days of work per month if he attempted a 40-

3    hour work schedule.  ECF No. 8 at 8.  Plaintiff argues that the ALJ found Ms.

4    Delsol's opinion unpersuasive because the opinion was provided on a check-box

5    form, which, Plaintiff argues, is an insufficient reason to discount Ms. Delsol's

6    opinion.  ECF No. 8 at 8.  Plaintiff continues that the ALJ found Ms. Delsol's

7    opinion inconsistent with the longitudinal record, but that substantial evidence does

8    not support this finding.  ECF No. 8 at 8–9.  Rather, Plaintiff argues that the

9    evidence supports Ms. Delsol's opinion that Plaintiff would not have been able to

10   sustain full-time work when he was not using substances.  ECF No. 8 at 9.

11        The Commissioner contends that the ALJ reasonably found Ms. Delsol's

12   opinion not persuasive, because the ALJ's analysis was supported by substantial

13   evidence.  ECF No. 10 at 8.  The Commissioner argues that the ALJ noted how Ms.

14   Delsol failed to explain how she excluded the effects of substance use.  ECF No. 10

15   at 9.  The Commissioner contends that the ALJ properly complied with the relevant

16   regulations.  ECF No. 10 at 10.

17        The ALJ found that Ms. Delsol's opinion was not persuasive because only a

18   checkbox form was completed and because the form's answers were not supported

19   with references to the record or explanation.  AR 27.  The ALJ notes that, while the

20   form itself claims that the functional limitations listed in the form do not include

21   limitations from substance abuse, Ms. Delsol did not offer an explanation of how she

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 14

1   excluded the effects of DAA.  AR 27.  The ALJ states that, in contrast to the

2   checkbox form, Ms. Delsol's own treatment notes, as well as the longitudinal record

3   and Plaintiff's own statements, demonstrate a clear pattern of improvement when not

4   abusing substances.  AR 27.  In fact, the ALJ noted that on June 15, 2020, Ms.

5   Delsol remarked that Plaintiff's prognosis "remains directly correlated with his use

6   of methamphetamine primarily and THC secondarily."  AR 28.

7          The ALJ's reasoning is properly supported by substantial evidence.  While an

8   opinion cannot be rejected simply because it is in checkbox form, an ALJ may reject

9   a checkbox form opinion that does not contain any explanation of the basis for its

10  conclusions.  *See Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (quoting

11  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).  Here, the checkbox form

12  states: "The limitations noted do not include limitations from current alcohol or drug

13  use."  AR 578.  Ms. Delsol checked the relevant boxes on the form and signed and

14  dated the form but did not write any explanation for the basis of her conclusions.

15  AR 578–79.  The ALJ, therefore, is entitled to reject the check box form opinion

16  because it does not contain any explanation of the basis for Ms. Delsol's conclusion.

17  *See Molina*, 674 F.3d at 1111.

18         Additionally, the ALJ's conclusion is supported by the record that shows

19  significant improvement in Plaintiff's functioning when not abusing substances,

20  something that Ms. Delsol herself noted at times.  *See, e.g.,* AR 676 ("[Plaintiff]'s

21  prognosis remains directly correlated with his use of mAMP primarily and THC

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 15

secondarily – most recent episode emphasizes this fact."); AR 684 ("Unfortunately, [Plaintiff] is continuing to smoke up to 1g of cannabis daily, and ongoing THC use is certainly contributing to ongoing psychotic sx.").  In fact, Ms. Delsol notes that Plaintiff's self-reports regarding his substance use are unreliable, and it is therefore difficult to accurately determine the frequency of his substance use, the cause of his symptoms, and the role of his substance use in his limitations.  *See* AR 675 ("He is not a reliable reporter . . . [h]owever, he seems to still be using mAMP and THC."); AR 684 ("He denies any mAMP use over the last month, however, he has not been completely forthcoming in this regard historically, and given irritability and fatigue, suspect he has used more recently.").  However, Ms. Delsol did not address these observations and complications regarding substance use and its effects on Plaintiff's limitations when she completed the checkbox form stating that the limitations do not include limitations from current drug use.  Accordingly, the ALJ's reasoning goes to the key factor of supportability, and the ALJ relied on substantial evidence in determining that Ms. Delsol's opinion on the checkbox form was not persuasive. *See* 42 U.S.C. § 405(g).

**Dr. Metoyer**

Plaintiff argues that Dr. Metoyer assessed Plaintiff with "panic, major depressive, and schizophrenia/schizoaffective disorders, resulting in marked limitations in his ability to interact with co-workers and the public, maintain regular attendance in the workplace, complete a normal workday or workweek, and deal

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 16

with the usual stress encountered in the workplace." ECF No. 8 at 16.  Plaintiff

argues that, although the ALJ claimed to find Dr. Metoyer's opinion unpersuasive,

the ALJ accepted the bulk of the opinion by limiting Plaintiff to simple, routine tasks

involving no interaction with the public and only occasional, superficial interaction

with co-workers.  ECF No. 8 at 16.  However, the ALJ rejected Dr. Metoyer's

opinion regarding Plaintiff's marked limitations in his ability to maintain regular

attendance in the workplace and to complete a normal workday or workweek

without interruption from anxiety, mood symptoms, and psychotic symptoms.  ECF

No. 8 at 16–17.  Plaintiff argues that the ALJ found Dr. Metoyer's opinion generally

unpersuasive because there was no evidence of psychosis during his evaluation, and

Plaintiff argues that it was unreasonable for the ALJ to require Dr. Metoyer to

witness an acute psychotic episode in order to assess Plaintiff with marked

limitations.  ECF No. 8 at 17.  Plaintiff contends that the ALJ also improperly

rejected Dr. Metoyer's opinion because the ALJ found the opinion inconsistent with

Plaintiff's mental status examination findings, while Plaintiff argues that the mental

status examination findings do not contradict Dr. Metoyer's opinion.  ECF No. 8 at

17–19.

The Commissioner argues that the ALJ's analysis regarding Dr. Metoyer's

opinion was supported by substantial evidence.  ECF No. 10 at 13.  The

Commissioner contends that the ALJ emphasized that the opinion was inconsistent

with the longitudinal record.  ECF No. 10 at 13.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 17

1    The ALJ found that Dr. Metoyer's opinions were not persuasive, because they

2    are not supported by any objective findings.  AR 27.  The ALJ remarked that there is

3    no evidence of psychosis in Dr. Metoyer's evaluation of Plaintiff, and there are few

4    objective findings that support marked limitations, particularly regarding interacting

5    with others, dealing with stress, and maintaining attendance.  AR 27.  Moreover, the

6    ALJ found that Dr. Metoyer's opinions are inconsistent with the longitudinal record,

7    which describe Plaintiff as "very kind, cooperative, easy to talk to, and having a

8    good sense of humor."  AR 27 (citing AR 538, 584).

9    The ALJ's reasoning is properly supported by substantial evidence.  The ALJ

10    considered that, while Dr. Metoyer opined that Plaintiff had marked limitations in

11    his ability to interact with co-workers and in his ability to maintain regular

12    attendance in the workplace, the objective evidence in Dr. Metoyer's report did not

13    support such a finding.  AR 597.  Rather, Plaintiff reported that he can live

14    independently, run errands in public several times a week, and manage his finances.

15    AR 596.  Plaintiff was cooperative and engaged throughout the evaluation.  AR 595.

16    Plaintiff reported talking to his mother once per day and one friend during the week.

17    AR 596.  The ALJ reasonably concluded, based on this evidence, that Dr. Metoyer's

18    opinion regarding his ability to interact with co-workers and maintain regular

19    attendance was not supported by his evaluation, and it was, therefore, not persuasive.

20    The ALJ further notes that Dr. Metoyer's opinions are inconsistent with the

21    longitudinal record.  AR 27.  For example, the ALJ notes that Plaintiff has been

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 18

1    described as "very kind, easy to talk to, good sense of humor, family oriented, likes

2    outdoor activities such as fishing and longboarding."  AR 538.  Additionally,

3    Plaintiff himself has reported that, on some days, he spends time helping and visiting

4    with his elderly neighbors.  AR 277; 280; 281.  He reported that he does not have

5    any problems getting along with family, friends, neighbors, or others, and states

6    "I'm a pretty easy going person."  AR 285.  Accordingly, the ALJ's reasoning goes

7    to the key factor of supportability, and the ALJ relied on substantial evidence in

8    determining that Dr. Metoyer's opinion was not persuasive.  *See* 42 U.S.C. § 405(g).

9            **Disability Determination Services (DDS)**

10           Plaintiff argues that it was error for the ALJ to rely on the opinions of the

11   DDS psychological consultants, because they did not have Plaintiff's most recent

12   mental health treatment notes.  ECF No. 8 at 19.

13           The Commissioner argues that the ALJ explained that the prior administrative

14   medical findings were persuasive for the periods when Plaintiff was not using

15   substances, because the findings were supported by a review of the record and

16   included detailed explanations.  ECF No. 10 at 14.  The Commissioner contends that

17   the fact that the prior administrative medical findings did not include the most recent

18   medical evidence is not a valid reason to challenge the ALJ's decision.  ECF No. 10

19   at 15.

20           The ALJ found that the determinations of the consultants were "generally

21   persuasive as to the times when the claimant was not abusing substances."  AR 28.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 19

The ALJ concluded that the determinations were "supported by their review of the underlying record, a detailed explanation, their familiarity with Social Security regulations and program standards, and are consistent with the medical evidence of record." AR 28. Plaintiff cites no law to support the proposition that a reviewing medical consultant must have all medical records of the patient. Rather, the law acknowledges that time may pass and consultants may not have the most updated reports when they review an individual's records. *See Owen v. Saul*, 808 Fed.App'x 421, 423 (9th Cir. 2020). Accordingly, the ALJ did not err in finding that the consultants' opinions were generally persuasive.

In sum, the ALJ properly evaluated the medical source opinions. Accordingly, the Court shall enter judgment in favor of the Commissioner and affirm the ALJ's decision with respect to his treatment of the medical source opinions and his assessment that DAA is a contributing factor material to the determination of disability.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Brief, **ECF No. 8**, is **DENIED**.

2.      Defendant the Commissioner's Brief, **ECF No. 11**, is **GRANTED**.

3.      Judgment shall be entered for Defendant.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 20

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2   Order, enter judgment as directed, provide copies to counsel, and **close the file** in

3   this case.

4    **DATED** August 30, 2024.

5

6                    _s/ Rosanna Malouf Peterson_
                    ROSANNA MALOUF PETERSON
7                    Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 21